dismiss, addressed to the face of the pleadings, and not one for summary judgment, the fourth cause of action for interference with precontractual relations does state a cognizable claim for relief *(see, Guard-Life Corp. v Parker Hardware Mfg. Corp.,* 50 NY2d 183). Although plaintiff did proceed to close on its acquisition of Kingston's leasehold interest, it is claimed that the interference resulted in damage in the form of increased financing costs. The existence of such damage is a matter of proof, inappropriate for resolution on a motion to dismiss under CPLR 3211 (a) (7).

We also find the fifth cause of action for prima facie tort legally deficient. Prima facie tort permits a recovery for the intentional infliction of harm, without any excuse or justification, by an act or acts which would otherwise be lawful and which result in special damages *(Freihofer v Hearst Corp.,* 65 NY2d 135, 142-143; *Curiano v Suozzi,* 63 NY2d 113, 117; *Burns Jackson Miller Summit & Spitzer v Lindner,* 59 NY2d 314, 332). Here, the complaint contains no allegation of special damages, a critical element of the cause of action. Moreover, to the extent the fifth cause of action seeks to recover for increased financing costs resulting from the landlord having sent the March 29, 1985 letter, the cause of action is, in material respects, duplicative of the fourth cause of action, which we find sufficient to withstand a motion to dismiss. Concur—Murphy, P. J., Ross, Milonas, Kassal and Rosenberger, JJ.

■ The People of the State of New York, Respondent, v Anthony Pennino, Appellant.—Judgment, Supreme Court, New York County (Alfred Kleiman, J.), rendered on May 23, 1984, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted. *(See, Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal. Concur—Murphy, P. J., Ross, Milonas, Kassal and Rosenberger, JJ.

■ The People of the State of New York, Respondent, v Kelsey Robinson, Appellant.—Judgment, Supreme Court, New York County (Robert Haft, J.), rendered on May 25, 1984, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted. *(See, Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and